UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MAURICE McDANIEL,

    Petitioner,

v.                                                     CASE NO. 5:10-cv-318-Oc-23PRL

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

    Respondents.
_____/

**ORDER**

McDaniel petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for two counts of exploitation of the elderly, for which he serves concurrent thirty-year terms of imprisonment. Prison officials received the petition for mailing on May 21, 2010. The respondent correctly argues that the petition is time-barred. (Doc. 11) Numerous exhibits[*] support the response. McDaniel files no reply. The petition, the response, and the exhibits demonstrate that no evidentiary hearing is warranted.

---

[*] The respondent's appendix (Doc. 13) contains in paper format the exhibits to the response.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 petition for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On February 14, 2006, the Fifth District Court of Appeal *per curiam* affirmed McDaniel's conviction and sentence. *McDaniel v. State*, 923 So.2d 1183 (Fla. 5th DCA 2006). The mandate issued on March 3, 2006. McDaniel had ninety days from February 14, 2006, within which to move for a writ of certiorari. The conviction was final on May 15, 2006. Absent tolling, collateral state court activity, McDaniel had until May 15, 2007, (one year from May 15, 2006) to file a motion under 28 U.S.C. § 2254.

On January 16, 2007, McDaniel moved in state court under Rule 3.850, Florida Rules of Criminal Procedure, for post-conviction relief, which was summarily denied on August 16, 2007. McDaniel appealed, and on January 15,

2008, the denial was *per curiam* affirmed. *McDaniel v. State*, 972 So.2d 200 (Fla. 5th DCA 2008). The mandate issued on February 1, 2008.

From May 15, 2006 – the day the conviction was final – to January 16, 2007 – the day McDaniel delivered to prison official his Rule 3.850 motion for mailing – two hundred forty-six (246) days had passed. The time within which to file a motion under section 2254 was tolled from January 16, 2007 – the day prison officials received McDaniel's Rule 3.850 motion – to February 1, 2008 – the day dismissal of the motion was final. As of the dismissal of the Rule 3.850 motion, one hundred nineteen (119) days remained – until May 30, 2008 – within which to file a motion under 28 U.S.C. § 2254.

McDaniel's December 22, 2009, second motion under Rule 3.850, Florida Rules of Criminal Procedure, was summarily denied as untimely on January 19, 2010. McDaniel appealed, and on March 9, 2010, the denial was *per curiam* affirmed. *McDaniel v. State*, 33 So.3d 46 (Fla. 5th DCA 2010). The mandate issued on May 6, 2010. Because the second Rule 3.850 motion was filed after the deadline to file a motion under 28 U.S.C. § 2254, the second Rule 3.850 motion did not toll the time within which to file a motion under section 2254. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [post-conviction] petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under

§ 2244(d)(2)."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state collateral pleading filed after expiration of the federal limitation "cannot toll that period because there is no period remaining to be tolled.").

McDaniel's petition under 28 U.S.C. § 2254, received by prison officials on May 21, 2010, is untimely and McDaniel argues no equitable tolling of the limitation. The petition is **DISMISSED WITH PREJUDICE** as untimely. The Clerk is directed to enter judgment, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on May 1, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE